IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BRIAN SMITH                                                              PLAINTIFF

V.                                              CAUSE NUMBER: 3:25-cv-00312-JDM-RP

TD AUTO FINANCE LLC, et al.                                            DEFENDANTS

## ORDER AND MEMORANDUM OPINION

Before the Court is pro se Plaintiff Brian Smith's Motion for Reconsideration. [38] Smith asks the Court to reconsider its previous Order which sent Smith's claims to arbitration and stayed further proceedings. [30] Alternatively, Smith asks the Court to lift the stay as to defendants SB Investigations, A & A Trucking & Towing, and B & C Towing & Recovery. Smith insists his claims against these non-signatory defendants are not subject to the arbitration agreement he signed with defendant TD Auto Finance LLC.

But Smith's arguments do not challenge the basis of the Court's decision. He simply raises arguments that either were or could have been raised under TD Auto's motion to compel arbitration. [7] Furthermore, Smith's allegations against TD Auto and the non-signatory defendants are so intertwined that he is estopped from culling the non-signatories from arbitration. Therefore, Smith's motion for reconsideration is **DENIED**.

### Facts and Procedural History

As recounted more fully in the Court's previous order compelling arbitration, Smith purchased a 2016 Dodge Ram 1500 financed through TD Auto. Some time later, TD Auto—along with the non-signatory defendants—repossessed the truck. Upset, Smith filed a complaint against all four defendants in state court. And the defendants removed the case to this Court.

TD Auto then moved to compel arbitration under a credit application Smith had signed with it. This Court found the credit application contained a valid arbitration agreement. And that arbitration agreement delegated disputes over interpretation, scope, validity, and arbitrability issues to a neutral arbitrator. So the Court directed Smith to arbitrate all of his claims, staying the case pending arbitration.

Smith then filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Alternatively, he moved to clarify the Court's order under Federal Rule of Civil Procedure 60(b)(1) and (6). Smith seeks either full reconsideration of the Court's arbitration order or to proceed in court against the non-signatory defendants. Smith says there are "five independent grounds" constituting "manifest error of law" in the Court's arbitration order.

First, Smith claims the Court wrongly interpreted the phrase "at the election of any of us" to mean TD Auto can unilaterally force arbitration. Second, he claims the Court ignored the contract's phrase "whoever first demands arbitration[.]" Third, Smith suggests the arbitration contract is solely between him and TD Auto. Fourth, he claims the Court's interpretation violated the "ancient equitable doctrine" of first in time, first in right. Finally, Smith claims the Court had no basis to stay the case as to all defendants. Because he points to no legal error in the Court's ruling, his reconsideration motion is denied.

## Discussion

### *Reconsideration*

Smith argues this Court should reconsider compelling arbitration under Rules 59 and 60. But he points to no legal error in the Court's arbitration analysis.

As an initial matter, the Court notes that Rules 59 and 60 "apply only to final judgments." *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564 (E.D. La. 2013); *see also*

*McClendon v. U.S.*, 892 F.3d 775, 781 (5th Cir. 2018) ("Rule 59(e) applies only to final judgments[.]"); FED. R. CIV. P. 60(b) ("the court may relieve a party . . . from a final judgment, order, or proceeding[.]"). Because the Court's previous order compelling arbitration was an interlocutory order, Rule 54(b) is more appropriate. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action[.]" (quoting FED. R. CIV. P. 54(b))). And although "a less exacting standard applies [on a Rule 54(b) motion], courts look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 403 (E.D. La. 2022) (quoting *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020)).

Faced with a Rule 59(e) motion, courts consider if the moving party can either show a mistake of law or fact or present newly discovered evidence. *Edwards*, 2020 WL 3832606, at *11 n.12 (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)). Rule 59(e) should not be used to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Suratt v. Tractor Supply Co.*, No. 1:19-cv-5-GHD-DAS, 2020 WL 6051260, at *1 (N.D. Miss. Oct. 13, 2020) (quoting *Templet*, 367 F.3d at 477). And Rule 60(b)(1) may be invoked "only to rectify an obvious error of law, apparent on the record." *Davis v. Hinds Cmty. Coll.*, No. 3:19-cv-693-HTW-LGI, 2023 WL 5009197, at *2 (S.D. Miss. Aug. 4, 2023) (quoting *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)). Even under Rule 60(b)(6)'s catch-all provision, relief is only available in "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210, 145 S. Ct. 1612, 221 L. Ed. 2d 850 (2025).

Smith fails to point to any error of law. He simply disagrees with the Court's interpretation of language that has little bearing on the Court's legal analysis. In its prior order, the Court found Smith agreed to arbitrate his claims by executing a credit application with an arbitration contract. And the arbitration contract contained a valid delegation clause. That's why the Court granted TD Auto's motion to compel arbitration. In short, the Court followed the analytical steps the Fifth Circuit set out in *Kubala v. Supreme Production Services, Inc.*, 830 F.3d 199 (5th Cir. 2016). But rather than challenge the Court's *Kubala* analysis, Smith quibbles over the Court's interpretation of the arbitration contract's language, which does not affect the *Kubala* analysis. Nor has Smith shown how the Court's analysis amounts to "obvious error of law" or "extraordinary circumstances." What he does instead is rehash old arguments and raise others that could have been raised when TD Auto moved to compel arbitration. So Smith fails in meeting the burden imposed by Rules 59 and 60. And even under Rule 54(b)'s relaxed standard, Smith has not shown legal error requiring the Court change its prior order.

### *Clarification*

Alternatively, Smith seeks clarification that only his claims against TD Auto should be arbitrated. He believes this Court should lift the stay and allow him to proceed against the non-signatory defendants. But on these facts, the non-signatory defendants may enforce the arbitration agreement between Smith and TD Auto under an equitable estoppel theory.

"[E]quitable estoppel permits a nonsignatory to an arbitration clause to compel arbitration against a signatory 'when the signatory . . . raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Griffin v. ABN Amro Mortg. Grp. Inc.*, 378 Fed. Appx. 437, 439-40 (5th Cir. 2010) (alteration in original) (quoting *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000)).

4

Where a signatory defendant's alleged activity cannot be severed from a non-signatory defendant's activities, "the concerted-misconduct prong of *Grigson* is satisfied." *Amstar Mortg. Corp. v. Indian Gold, LLC*, 517 F. Supp. 2d 889, 897 (S.D. Miss. 2007); *see also Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 399 (5th Cir. 2006) ("as the [plaintiffs] fail to allege tortious acts by [non-signatories] that are separate and apart from [signatories], we can only conclude that the complaint asserts concerted misconduct by all parties.").

Here, neither SBI, A & A, or B & C signed the arbitration contract. But throughout Smith's complaint, he alleges the collective "Defendants" acted improperly in repossessing the truck.[1] His broad, scattershot allegations indiscriminately encompass both TD Auto and the non-signatory defendants. And to allow Smith to proceed in court against the non-signatories—while arbitrating against TD Auto—would force TD Auto to defend itself in arbitration while participating in litigation. This inequity is exactly what equitable estoppel prevents. *See Grigson* 210 F.3d at 528 ("[I]t would be especially inequitable where, as here, a signatory non-defendant is charged with interdependent and concerted misconduct with a non-signatory defendant. In such instances, that signatory, in essence, becomes a party, with resulting loss, *inter alia*, of time and money because of its required participation in the proceeding.")

Because Smith's allegations against the non-signatory defendants are so interrelated with his allegations against TD Auto, the Court in its discretion applies equitable estoppel.[2] Therefore,

---

[1] Among other examples in the complaint, Smith alleged "Defendants failed to provide timely or adequate responses consistent with the debtors right to accounting . . .;" "Defendants conducted surveillance and attempted repossessions;" "Defendants engaged Plaintiff's automobile with a tow truck . . . and forcibly removed it;" "Defendants' disposition [of the truck] would result in spoilation of material evidence;" "Defendants wrongfully took and retained Plaintiff's automobile;" "Defendants entered Plaintiff's property without judicial order;" and "Defendants dragged the automobile across Plaintiff's property, causing damage[.]"

[2] "[W]hether to utilize equitable estoppel in this fashion is within the district court's discretion[.]" *Grigson* 210 F.3d at 528.

5

Smith's claims against the non-signatories—SBI, A & A, and B & C—must be hashed out in arbitration. The Court declines to lift the stay as to the non-signatory defendants.

*Artificial Intelligence*

Though the Court has found good reason to deny Smith's motion, it pauses to address Smith's use of generative AI. In response to the motion, the non-signatory defendants directed the Court's attention to AI-hallucinated cases in Smith's motion. This is not the first time Smith's filings cited fictitious legal authorities. And the Court has admonished Smith against further fictitious citations. [40] But the Court does note Smith had already filed his motion for reconsideration before the Court's admonishment. Still, the Court reiterates its previous warning. Should Smith submit any pleadings with further citations to false legal authorities, he will face sanctions against him—up to and including monetary penalties, defendants' attorney fees, and dismissal of this action.

**Conclusion**

For these reasons, Smith's Motion for Reconsideration [38] is **DENIED**. Smith must arbitrate his claims against all defendants.

TD Auto is directed to initiate arbitration proceedings under the Court's prior order. [41] The parties shall continue to file quarterly reports about the arbitration's status.

This case shall remain **STAYED** until further order of the Court.

**SO ORDERED**, this the 14th day of April, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

6